UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 25, 2026

**By ECF**
The Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza Central Islip, NY 11722

Re: *SEC v. Lowe, et al.*, 25-cv-260 (ARL)

Dear Judge Lindsay:

Plaintiff Securities and Exchange Commission (the "SEC")—joined by Defendants John C. Lowe, Jr. ("Lowe"), JJL Capital LLC, Great South Bay Capital, LLC, Randy Grewal ("Grewal"), Kierland Capital, LLC, Richard L. Ringel ("Ringel"), and BMEN Trading LLC (collectively, the "Defendants")—respectfully requests that the Court lift its stay of this case (September 14, 2026 Order) for the limited purpose of seeking approval and entry of the enclosed proposed partial consent judgments against the Defendants (the "Proposed Judgments") (Exs. 1, 3, 5). The Proposed Judgments would resolve liability and the non-monetary relief that the SEC seeks against the Defendants, but leave open for later resolution—by motion or further settlement—the monetary relief that the SEC seeks against them.[1] All Defendants in this case and the U.S. Attorney's Office for the Eastern District of New York, which moved to stay this case, have no objection to the Court's lifting the stay for this limited purpose.[2] The SEC and the Defendants further request that the Court approve and enter the Proposed Judgments.

The Proposed Judgments are fair and reasonable and in the public interest. *See, e.g., SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014) (setting out standard for reviewing proposed consent judgments in government enforcement actions). Among other things, the Proposed Judgments would permanently enjoin and prohibit the Defendants from committing violations of the federal securities laws that the SEC charges against them in this case, as set forth in the Proposed Judgments.

As described above, the Proposed Judgments would leave open for later resolution monetary relief. Defendants Lowe, Grewal, and Ringel have also been charged in the parallel criminal action, *United States v. Cooper*, 25-cr-10 (DJ) (E.D.N.Y.). The SEC anticipates that it

---

[1] The SEC is also attempting to discuss a potential settlement with the only other defendant in this case, David Cooper.

[2] In an email dated September 10, 2026, counsel of record for Defendant Cooper in the parallel criminal case, *United States v. Cooper*, 25-cr-10 (DJ) (E.D.N.Y.), confirmed that Defendant Cooper does not object to the SEC's limited request to lift the stay in this case.

will attempt to negotiate a resolution of monetary relief with the Defendants upon resolution of that case.

The SEC therefore respectfully requests that the Court approve the Proposed Judgments and docket them with the enclosed consents executed by the Defendants (Exs. 1-6).

Respectfully submitted,

/s/ Eric Taffet
Eric Taffet
Counsel to the SEC

cc: All counsel of record by ECF
Neil Kelly (criminal counsel for Defendant Grewal) (via email)
Charles Millioen (criminal counsel for Defendant Grewal) (via email)
Zachary Intrater (criminal counsel for Defendant Cooper) (via email)[3]

Encl.

[3] In addition to service via ECF to counsel of record in this case, the SEC is sending this letter via email to the listed attorneys who represent defendants in the parallel criminal case.